# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA W. WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1784-CDP |
| | ) | |
| BANK OF NEW YORK MELLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon the motion of plaintiff Juanita W. Wicks for leave to proceed *in forma pauperis* in this civil action, filed pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. The motion will be granted. In addition, for the reasons discussed below, this case will be dismissed.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), this Court is required to review a complaint filed *in forma pauperis* and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A Court is also required to dismiss a case if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) (citing *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981)); *see also Lewis v. Casey*, 518 U.S. 343, 349 n. 1 (1996) (internal citations omitted) (standing "is jurisdictional and not subject to waiver").

## Background

The instant case is the second RESPA action plaintiff has filed in this Court. The first began on February 22, 2016, when plaintiff filed a *pro se* complaint against Wells Fargo, Greg A. Luber, and Bank of New York Mellon. *See Wicks v. Wells Fargo, et al.*, Case No. 4:16-cv-243-CDP (E.D. Mo. Apr. 1, 2016) (hereafter "*Wicks 1*"). Plaintiff filed the complaint on behalf of herself and her husband, Feldon Wicks. She alleged that Wells Fargo, Greg Luber, and Bank of New York Mellon acted unlawfully under RESPA by committing fraud in conjunction with a mortgage on a home located at 1504 Hudson Road in St. Louis, Missouri. In an order dated March 1, 2016, I noted that plaintiff apparently lacked standing to bring the action because she was not a property owner or mortgagor on the Hudson Road property, and gave her the opportunity to provide me with information that she had a legal interest in the property. On April 1, 2016, I dismissed the complaint for lack of subject matter jurisdiction when plaintiff did not provide such information. I also determined that plaintiff was impermissibly attempting to represent another party in federal court. I take judicial notice of this record and my March 1, 2016 and April 1, 2016 orders. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (*quoting In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court.")); *United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (The district court may take judicial notice of its own records).

## The Complaint

In the instant complaint, plaintiff writes: "I'm refiling my case because Feldon F. Wicks granted me 'POA' in May of this year (2017)." (Docket No. 1 at 6). Included in the complaint is a copy of a Missouri Durable Power of Attorney executed by Feldon Wicks. *(Id.* at 11-16). Feldon Wicks has not filed his own financial affidavit or motion for leave to proceed *in forma*

*pauperis*, which he is required to do if he is pursuing this action on his own behalf, nor has he signed the complaint as required by Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff alleges that defendants committed fraud against Feldon Wicks in conjunction with a mortgage on the 1504 Hudson Road property. Plaintiff does not claim to be the property owner or a mortgagor on the property, but instead advances claims on behalf of Feldon Wicks. For example, plaintiff writes that she intends to forward a letter to the U.S. Department of Justice and the Consumer Financial Bureau concerning violations committed against Mr. Wicks in the United States Bankruptcy Court. She also claims that Wells Fargo began returning Mr. Wicks's mortgage payments, and rejected applications for modification. Plaintiff alleges that Mr. Wicks continues to have problems paying his mortgage, and that she was "refiling" her complaint "because they are threatening Mr. Wicks with 'foreclosure' again." (*Id.* at 9). As relief, plaintiff states that she wants a civil trial, and "$2,000,000 for all we've been through trying to keep Mr. Wicks in his home (1504 Hudson Rd; 63136)." (*Id.* at 5). Elsewhere in the complaint, plaintiff states she wants "Mr. Wicks's home to be granted to him 'free and clear' of any liabilities to any entity." (Docket No. 1 at 9).

On July 5, 2017, plaintiff filed a document entitled "Injunction." Therein, plaintiff claims that Mr. Wicks informed her that Bank of New York Mellon set a foreclosure date, but that he had discovered, from his homeowner's insurance company, that another lender may hold the deed to his property. On July 10, 2017, plaintiff filed a *pro se* motion seeking a temporary restraining order, alleging that Wells Fargo and Bank of New York Mellon "refused to talk to us" and it was unknown which lender held the deed to the Hudson Road property. (Docket No. 5 at 2). Plaintiff claimed that the matter needed to be "cleared and explained to us because Mr. Wicks told me he has a foreclosure date" scheduled. (*Id.*)

**Discussion**

In *Wicks 1*, I determined that plaintiff lacked standing to bring a lawsuit relative to the Hudson Road property because she had no legal interest in it. Here, she again brings suit relative to the Hudson Road property without providing information that she has the necessary legal interest. Instead, she states she is "refiling" the case because Feldon Wicks granted her power of attorney. As in *Wicks 1*, I conclude that this case is subject to dismissal for lack of subject matter jurisdiction because plaintiff has failed to demonstrate that she has a legal interest in the Hudson Road property, and therefore that she has standing to bring this lawsuit. Fed. R. Civ. P. 12(h)(3); *Mineta*, 495 F.3d at 569 ("It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit"). Plaintiff is proceeding under the mistaken belief that she can represent Feldon Wicks's interests in federal court because he granted her power of attorney. Plaintiff is proceeding *pro se* in this matter, there is no information upon which I can conclude she is a licensed attorney, and the allegations in the complaint are for violations of Mr. Wicks's rights.[1] Federal law provides that "parties may plead and conduct their own cases personally or by counsel . . .". 28 U.S.C. § 1654. This means that only licensed attorneys may represent other persons before this Court. Feldon Wicks's grant of power of attorney to plaintiff does not satisfy this requirement. The case is subject to dismissal on this basis, as well.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

---

[1] There is no indication in the record that Feldon Wicks is a minor or incompetent person such that the appointment of a guardian or counsel to represent his interests is warranted. *See* Fed. R. Civ. P. 17(c); *see also Hartmann v. Carrol*, 882 F. Supp. 2d 742 (D. Del. 2012).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's pro se motion for temporary restraining order (Docket No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of August, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE